Good morning, Your Honors. May it please the Court, Michelle Nesbitt for the appellant Terrance Jones. I would like to reserve three minutes for rebuttal. I'm going to jump right to the threshold issue in this case, which is whether or not Mr. Jones' 1989 Colorado conviction for burglary qualifies as a violent felony under the Armed Career Criminal Act. If the modified categorical approach is applied, the Court will find that Mr. Jones pled guilty to burglary of a dwelling. Looking at the language of that statute within the context of the Armed Career Criminal Act, the Armed Career Criminal Act enhances a sentence above the statutory maximum for a felon in possession when a defendant has three prior convictions for a crime of violence. The Act defines a crime of violence generally as a crime that contains an element of physical force against the person, arson, extortion, or use of explosives, and then burglary. I want to short-circuit because I think the harder question is actually the statute of limitations question and whether we've got actual innocence. So generic burglary requires entry of a building or structure. The Colorado statute defines burglary as including vehicles. End of story. You win on that point. Well, vehicles that are not necessarily adapted to living, right? Because just as they're adapted to living conditions, then it doesn't count. Correct. And the Colorado burglary statute includes vehicles that are not adapted and that are just that somebody might be living in temporarily. Right. And he pleaded. Yes. Yes. Okay. So I will jump to the statute of limitations questions, Your Honor. That, for me, is the harder question. Okay. And I want to point out the biggest distinction between the cases that the government cites and the cases that Mr. Jones cites, which is that none of the cases that the government cites are a first 2255 where a defendant was sentenced in excess of the statutory maximum. And that is the defining factor that Mr. Jones is asking the court to find the exception to the general rule that a defendant cannot be actually innocent of a non-capital sentence. And in Sawyer v. Whitley, the court said that the determination of whether the defendant is actually innocent of the sentence is whether there is a missing element of eligibility. And the Armed Career Criminal Act has three elements of eligibility, which are those three prior convictions that qualify. And if Mr. Jones... The problem is that Sawyer was a death penalty case. Yes. I agree, Your Honor. However, the Ninth Circuit, I think logically, if somebody can be innocent of a sentence of death, then there's no reason that doesn't logically follow that somebody can also be innocent of a sentence where all of the elements for that sentence, which is a legal question, not a factual question, but if the conviction does not qualify legally, then the elements do not exist, which means the facts don't exist, which means they are actually and factually innocent of the Armed Career Criminal Act sentence. Now, there's case law that says that the actual innocence exception to whatever, whether it's procedural default or statute of limitations and whatever its scope, doesn't apply to legal determinations. So you're kind of, you know, somewhat treading a fine line because, as you point out, the decision, the question of whether this applies as a legal, whether the statute applies as a legal question, but in order for the actual innocence to apply, it has to be a factual determination, right? And I understand your point, Your Honor, and my point is that the Armed Career Criminal Act, the determination of whether his conviction qualifies is a legal determination, but if it doesn't qualify, then the fact that he has a violent felony conviction doesn't exist. That prior conviction is a fact, and therefore he is actually and factually innocent. I have a question. I mean, is this clearly an open issue in this circuit? I gather there is some support in other circuits' case law, but what's the parameters of this? I mean, in other issues because that doesn't affect the maximum, the available sentence, but it will apply to, it seems to me, a very wide range of challenges to sentencing determinations so that they can be reopened years later. I don't think so, Your Honor, and I think that the proof in that is that there is not one single case that I could find where, on a first federal 2255, so not a state conviction that has a higher degree of comity that needs to be paid attention to, but a first 2255 for a sentence where the defendant was statutorily ineligible. I can't find one case, and if it would open up the argument so much, I think there would be more cases out there making this claim, but I can't find a case denying it in almost... Speaking of not being able to find a case, you know, the Supreme Court has never applied this actual innocence theory in a sentencing context except in a death penalty case. Why do you suppose that is? Well, Your Honor, in the case, they talked about the distinction between the death penalty and the Eighth Amendment concerns and how there is a higher level of scrutiny that is provided to death penalty that the state has to put in place, but I actually think that supports my argument because if you're looking at a death penalty sentence, that defendant has already been given all of those extra protections of going through the death penalty sentencing, and in addition, then if it only applies to death penalty sentences, then a defendant who is not actually innocent of murder but is only claiming actual innocence of his death penalty sentence, so murder, one of the most heinous crimes in our system, is getting more leniency on the procedural bar than a defendant who is claiming actual innocence of a sentence who's only been convicted of felon in possession of a firearm. Do you regard our decision in Marrero as having left this question open? Yes. Judge Graber's opinion at the end says, well, you won't reach X, Y, Z. Other circuits have done X, Y, Z. Yes, I do think it left it open, and the reason is because in that case, the defendant had a prior to 2055, which distinguishes it from Mr. Jones' case, and the defendant in Marrero was not statutorily ineligible, and the court in Marrero stated that is a distinction that might make a difference in a certain case, and I believe that distinction is here. You're down to about just a little under three. Do you want to say that? Thank you. I would like to save my time for rebuttal. May I proceed? Please. May it please the court. My name is Karen Vandergaat, and I'm an assistant U.S. attorney here in the District of Alaska for Appellee United States. This case is about whether the defendant's objection to an enhanced sentence, his legal objection will essentially never allow his petition under 2255 to be time barred. The court should rule for the appellee for two reasons, and one is that legal innocence or actual innocence is factual innocence, and Mr. Jones concedes off the bat he's not factually innocent both of his initial crime under the federal as well as his prior conviction from 1989. But he's factually innocent of a violent felony. That is to say he's factually innocent of generic burglary, or do you disagree with that? Your Honor, I disagree. I would direct the court's attention to the recently decided case, Stitt, as well as Quarles. In Stitt, the United States Supreme Court clarified that generic burglary does encompass vehicles that have been adapted for overnight accommodations. And that's incredibly similar to the Colorado statute issue here. So for purposes of my question, I'll ask you to concede, but only for purposes of the question, that the Colorado statute's overbroad, and that he therefore was not convicted of generic burglary when he pled. Now, I understand you disagree with that, but on that assumption, is he factually innocent of that particular generic felony, and therefore factually innocent within the meaning of the case law? No, Your Honor, and I believe that this court in Murrow v. Ives has stated that actual innocence is deliberately narrow, and it's intentioned to be deliberately narrow to keep it to those factually innocent people, the people who did not commit the crimes for which they are committed. Well, but wait a minute. If you go along with my assumption that the Colorado statute is overly broad, he has not been convicted within the meaning of our case law of a generic burglary. Do you agree with that? Your Honor, I think we're looking at it two different ways. The way I'm looking at it, he's arguing that... No, let me go back to my question. Do you agree that he's not been convicted of a generic burglary if you adopt my assumption about the overbreadth of Colorado statute? If I'm taking the court's hypothetical here, I still think that's not factual innocence. I think that's a legal insubstitution. That's not my question yet. My question is, do you agree that he's not been convicted of generic burglary? If the court is telling me that's what the court is finding... With respect to the overbreadth. I'm asking you to continue with that assumption. You don't have to concede it for all time, but for this question, you have to concede it. And so the question is, would I concede that that is equivalent to actual innocence? And that's where I disagree with the court. But I'm going step by step. I'm asking you a question. Would you concede that he has not been convicted of generic burglary? You're asking me to concede this, but I disagree with the court's analysis. Which part? Are you disagreeing with the part I'm asking you to assume but not concede? Or what are you disagreeing with? If I understand the court correctly, the court is asking me to concede and then asking me the question about the concession. I might just be misunderstanding your question, Your Honor. Let me be as clear as I can. Let us assume that the Colorado statute is overbroad and that it is broader than generic burglary. He pleaded to the Colorado statute. Therefore, under the categorical approach, he has not been convicted of a generic felony, of a generic burglary. Are you with me so far? I'm following, Your Honor. Okay. So I asked you the question. Do you agree that he has not been convicted of a generic burglary? If I'm following the court's, again, I disagree with the court's analysis, but if I'm following that, then yes, that would be the equivalent of not being convicted of a violent felony. That would be a predicate offense for an armed career criminal act enhanced sentence. Okay. If that's what the court is asking. That's exactly what I'm asking. So the next question is, the first part of the question, that question is easy. The next question is the hard one. Okay. He has not been convicted of generic burglary. And because he's not been convicted of generic burglary, he doesn't qualify for the three prior felonies necessary under the ACCA. Agreed? Under the court's reasoning, I'm following your analysis. Yes. Therefore, he has not qualified, since he has not satisfied the conditions for the ACCA, it sounds like he's innocent under the ACCA. Where have I gone wrong in saying that he's innocent under the ACCA? Well, when we turn back to Muravi Ives, this is still a legal, it's, this is all a question of legal analysis. And we're not looking at the factual. Legal analysis with regard, this is what your opponent said, I thought, fairly in a nuanced and understandable way, that whether he, whether this is a generic burglary and therefore counts under the ACA is a legal question. But then the next question is, does he have three convictions or only two, which would appear to be a fact? Yes, the amount of convictions is a fact, but its application is a legal argument under the categorical approach. And I think if we, if we turn to the 11th Circuit's guidance in McKay, they spell out exactly why these type of arguments should not be considered actual innocence. And that is because the categorical approach, as we know, is full of ambiguity. And what this would do is allow the actual innocence exception that would grant this equitable tolling to be expanded wide. And essentially, every defendant who objects at sentencing would have no procedural time bar to allege this as new cases come out. It only applies to circumstances in which the sentence would be illegal, right? The whole problem only applies, so that's a fairly narrow band right there, right? And secondly, it would only apply to, and this is why I asked you what the limits are, you know, and I think that's the interesting or the harder question is, what are we talking about exactly? I gather it wouldn't apply if somebody comes in and says, this sentencing statute doesn't apply to me. I mean, in other words, this provision that shouldn't be interpreted that way should be interpreted some other way. So it's a fairly narrow band we're talking about, although not minuscule. So what, why is the, was it the 11th Circuit, what, it seems they were overstating the application. So under the 11th Circuit's analysis in McKay, the expanding the actual innocence exception to go to these legal determinations about whether or not prior convictions can be considered violent felonies under the categorical approach, which as the court knows, during the litigation of this case, as this court reviewed this exact sentence and this exact conviction 10 years ago, and two of the judges sitting before me ruled on this defendant's sentence and the burglary conviction that enhanced his sentence. And so the 11th Circuit says, we need to look at the benefits of finality here. And when we're talking about legal arguments, especially under the categorical approach, where opinions are different and it can be ambiguous, there's got to be, we've got to not open this exception, this actual innocent exception to these legal arguments about whether or not a conviction is sufficient. But the result is that this man has been in prison long, many years longer than he would be if the proper law were, rules were applied. Your Honor, if we're, if we're taking the court's hypothetical that, where they're disagreeing with our analysis about sit, I mean, that would be the risk. But in this case, Mr. Jones argued against his burglary conviction under the remaining in versus unlawfully in front of the district court, which recently the United States Supreme Court in Quarrel said that is acceptable under generic burglary. And it cautioned courts not to, I'm sorry, what's acceptable in generic burglary? The remaining in or having the unlawful, unlawfully entering or remaining in as part of the generic burglary. That was Mr. Jones' argument at sentencing and from the district court. And then in front of this court back in 2009, he challenged that burglary conviction on other grounds. And there's a letter in the record also from his attorney saying that they've decided not to go with the argument we're here in front of today. Last time they were in front of, Your Honors. So do you want to back up and briefly tell us about stiff and how it applies? In other words, to make the argument you started to make to begin with? Oh, certainly, Your Honor. Your Honor, during the pendency of this litigation, there have been several cases that have come out talking about generic burglary. And in December of last year, STIT had a decision about generic burglary that clarified that burglary includes a vehicle that has been adapted of its customarily used for overnight accommodations. The statute at issue here in Colorado includes a ship, trailer, sleeping car, airplane, or other vehicle or place adapted for overnight accommodations. And specifically, the Class 3 burglary conviction that Mr. Jones is convicted of is in a dwelling which is defined as being used or intended to be used by a person per habitation. No, it doesn't have to be intended to be used. It just has to be used. That's the problem. Well, the definition also says adapted for overnight accommodations in the Colorado statute. That's another possibility. But as I understand it, if somebody sleeps in a car, if it's used for this purpose, even though it's not, if it's a vehicle that somebody sleeps in, that would count even if it's just a plain old car. Your Honor, I see that I'm coming close to my time, but I would like to finish this thought. I agree with Your Honor, and I believe that that should still count under STIT. And also, the follow-up case, Quarles. When STIT went on, was said repeatedly, adapted for use. Well, Quarles, which is the follow-on case that came out earlier this week from the Supreme Court, says that the court should not be seizing on state law deviation, modest state law deviations regarding this definition. Because Congress intended to include burglary, and burglary being, it doesn't have a potential for violent confrontation. That's why it's included in the statute initially. And the language in Quarles really seemed to indicate that we should not be comparing so nuanced the wording if it generally fits within that generic definition of burglary. Did you send this to Quarles? Yes, I filed a 28-J letter. The decision was released on June 10th. I filed a 28-J letter on June 11th with that citation. Thank you, Your Honor. I want to provide the court the reasons why they should find the Morero exception applies in this case and open up that exception. And that is there's three interests that are taken into play with an equitable considerations in a habeas case. Those are finality, comity, and judicial resources. Finality interests are weakest when the sentence is not authorized by law, which is the case here. Comity is not an issue here because this was not a state conviction that the court is reviewing. And the judicial resources are at minimal interest here because we're not asking for a new trial and we're not asking for the defendant to be, to withdraw his plea. We're simply asking that he be resentenced according to the law. In addition, there's two other considerations under Lonchar. The dismissal of a first 2255 is a particularly serious matter. And that is why I think that's the perfect guideline for this exception, the guardrail, which will be, it has to be a first 2255 where a court has not previously looked at it, which every other case cited by the government. There were multiple 2255s, 2241s, sometimes 10 successive abusive habeas writs. And that's why those cases were denied. And lastly, under House v. Bell, there has to be a different standard for a first 2255. And so if the same standard of actual innocence for an exception to the statute of limitations is applied to a 2254 and a successive 2255 and a first 2255, then that violates the House v. Of course, this exception is not in the statute. I'm sorry, what? This exception is not in the statute. The exception to a statute of limitations for actual innocence is not in the statute. Correct, Your Honor. But because. I don't know why it has to be anything where it says judicially created. It is. Which is being created for equitable purposes. And it's essentially what we say it is. Because the writ of habeas corpus is an equitable concept in law. If the statute of limitations is imposed without any other consideration, then it would effectively remove the writ entirely. And the Supreme Court has said that it cannot be applied without any other consideration because then it would violate the equitable considerations of the doctrine of habeas corpus. The statute of limitations was imposed to limit the successive and abusive petitions that defendants were filing multiple times, especially in state cases that were overwhelming all of the judicial resources. What about quarrels? Does that have anything to do with this? I don't think it does, Your Honor, because it only applies to entry into whether somebody is entering or remaining and when they form the intent. And in that case, the court reaffirmed that the same sentence that was in Stitt and Taylor, which is what we're looking at is the increased risk of violence. And there is no increased risk of violence with a vehicle versus a dwelling where somebody lives. And there's a higher likelihood of somebody coming in to. Under Colorado law, though, as I understand it, the only exception from Stitt is that we're talking about a car that is used as a dwelling. So there is a person. Well, Your Honor, under Colorado law, a use for habitation does not need to be what the normal word of dwelling is. For example, a hotel. I'm sorry, a hospital room and a jail cell were both held to be dwellings to be used for habitation. There has to be a person there. I disagree that there has to be a person there at the moment. If the person had to be there at the moment, the statute would say that it would say. But that's the line between that and Stitt. Stitt says if it's adapted for habitation, i.e. it's meant for habitation, but nobody's there, it counts. But under the Colorado statute, it doesn't have to be adapted for habitation. And for that reason, I don't really understand why a hospital room isn't excluded under Stitt. But we can leave that alone. In other words, a hospital room is meant for someone to stay there. Correct. And Your Honor, if we included vehicles that weren't meant for somebody to stay there, then we would include all vehicles, all ordinary vehicles, which is. But under Colorado law, it has to be used for habitation, right? Correct. But that could mean because habitation can be temporary, such as somebody staying in a hotel room who may only be staying there for one night, usually without all of their belongings. And simply a hospital gown could also be somebody driving their car to college, coast to coast, and throwing a pillow in the backseat. Right. But they have to be there. I don't think they need to be present. Okay. Okay. There are certain statutes that say the person needs to be present. Thank you. Thank both sides. Interesting case and good arguments. Thank you. United States v. Jones, submitted.
judges: Tashima, W. Fletcher, Berzon